PD-0185-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/16/2015 4:48:32 PM
Accepted 3/18/2015 3:44:48 PM
ABEL ACOSTA
CLERK

CAUSE NO. PD-0185-15
IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

----------------------------------------------------

NO. 08-12-00372-CR
IN THE
EIGHTH COURT OF APPEALS
OF TEXAS
EL PASO, TEXAS

----------------------------------------------------

ROCIO ROMERO

Appellant,

vs.

THE STATE OF TEXAS

Appellee.

----------------------------------------------------

On Appeal in Cause No. 20120D01434
In The 409TH District Court
El Paso County, Texas

The Honorable Sam Medrano, Jr., Judge Presiding

APPELLANT'S BRIEF

PATRICK A. LARA
Attorney for Appellant
501 North Kansas Street, Suite B-100
El Paso, Texas 79901
(915) 231-1809

Submitted March 16th, 2015

FILED IN
COURT OF CRIMINAL APPEALS

March 18, 2015

ABEL ACOSTA, CLERK

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

PARTIES INVOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

POINT OF ERROR NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . 9

**Is the language in the manslaughter indictment alleging marijuana use, loading a firearm, and chambering a round essential under article 21.15 in alleging the totality of the circumstances and acts constituting recklessness or is it instead nonessential and therefore surplusage?**

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) . . . . . . . 23

APPENDIX

    Exhibit A – Indictment . . . . . . . . . . . . . . . . . . . . . . . 24

    Exhibit B – Opinion from the Eighth Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# INDEX OF AUTHORITIES

**TEXAS CASES**

*Alvarado v. State,*
840 S.W.2d 442 (Tex. Crim. App. 1992)...................................13

*Burke v. State, 5 Tex. App. 7*................................................12

*Burrell v. State,* 526 S.W.2d 799....................11,10,16,17

*Caughorn v. State,*
549 S.W.2d 196 (Tex. Crim. App. 1977)..........................14

Cohen v. State,
479 S.W.2d 950, 951 (Tex.Cr.App.1972)........................11,15

*Coleman v. State, 2 Tex. App. 512;* ..............................12

Collins v. State, 500 S.W.2d 168 (Tex.Cr.App.1973)........10

*Davis v. State,* 532 S.W.2d 626....................................16,17

DeVaughn v. State,
749 S.W.2d 62, 67 (Tex.Crim.App.1988.........................20

*Ex parte Donohue,*
602 S.W.2d 265 (Tex. Crim. App. 1980)..........................15

Franklin v. State,
659 S.W.2d 831, 833 (Tex.Cr.App.1983.........................11

Kelley v. State,
138 Tex.Cr.R. 647, 137 S.W.2d 1004...............................13

*LaPorte v. State,*
840 S.W.2d 412 (Tex. Crim. App. 1992)..........................14

Lawrence v. State,
240 S.W.3d 912, 915 (Tex.Crim.App.2007)...................19

Malazzo v. State, 165 Tex.Crim. 441,
308 S.W.2d 29, 31 (App.1957).................................................10

Mayo v. State, 7 Tex. Cr. App. 346.................................11

Miller v. State, 333 S.W.3d 352,
356 (Tex.App.-Fort Worth 2010, pet. ref'd)
citing DeVaughn v. State,
749 S.W.2d 62, 67 (Tex.Crim.App.1988)................................19,20

Smith v. State,
297 S.W.3d 260, 267 (Tex.Crim.App.2009),
cert. denied, 559 U.S. 975, 130 S.Ct. 1689,
176 L.Ed.2d 186 (2010).................................................19

Spencer v. State,
118 Tex.Cr.R. 336, 42 S.W.2d 259.................................13

State v. Coppenburg, 2 Strob. [S. C.] 273.................................12

State v. McCoy,
64 S.W.3d 90 (Tex. App.-Austin 2001).................................14

State v. McFall, 961 S.W.2d 588
(Tex. App.-San Antonio 1997, pet. ref'd).................................14

State v. Moff,
154 S.W.3d 599, 601 (Tex.Crim.App.2004).................................19

State v. Rodriguez,
339 S.W.3d 680, 682 (Tex.Crim.App.2011).................................20

Thompson v. State, 69 Tex.Cr.R. 31, 152 S.W. 893.........11

Warrington v. State, 1 Tex. App. 168.................................12

Watson v. State, 28 Tex.App. 34, 12 S.W. 404.................................11

Whetstone v. State, 786

4

S.W.2d 361, 364 (Tex.Cr.App.1990)............................................10

White, 890 S.W.2d at 72 (Baird, J., concurring)
(citing Burrell v. State, 526 S.W.2d 799,
802 (Tex.Cr.App.1975)....................................................10,11

Windham v. State,
638 S.W.2d 486, 487 (Tex.Cr.App.1982)......................................11

**FEDERAL CASES**

*United States v. Howard,*
*3 Sumn. 12 [Fed. Cas. No. 15,403]*........................................12

**STATUTES, CODES AND CONSTITUTIONS**

Texas Code of Criminal Procedure
    article § 21.15.........................................................9,9

Branch's Ann.Penal Code, Sec. 676, p. 345..................................11

*1 Bishop's Cr. Proc. § 485*...............................................12

*2 East P. C. 593; Roscoe's Cr. Ev. 82*...................................12

Tex. Code Crim. Proc. art. 3.02(b)........................................13

Tex. Code Crim. Proc. art. 3.03...........................................13

Tex. Penal Code § 32.03...................................................14

Tex. Code Crim. Proc. art. 21.15..........................................15

Texas Penal Code §19.04...................................................17

Texas Rule of Evidence 403................................................18

TEX.CODE CRIM. PROC. ANN. art. 21.15 (West 2009)..........................20

## PARTIES INVOLVED

HON. SAM MEDRANO JR.
Trial Court Judge, 409TH District Court
500 E. San Antonio, El Paso, Texas 79901

ROCIO ROMERO
Appellee

PATRICK A. LARA
Trial and Appellate counsel for Appellee
501 North Kansas Street, Suite B-100
El Paso, Texas 79901

JAIME ESPARZA
District Attorney, El Paso County, Texas
Appellee and trial counsel for Appellee
500 E. San Antonio, El Paso, Texas 79901

RONALD BANERJI
Assistant District Attorney
Appellate Counsel for Appellant
500 E. San Antonio, El Paso, Texas 79901

JAMES MONTOYA
District Attorney's Office
Trial counsel for Appellant
500 E. San Antonio, El Paso, Texas 79901

CAUSE NO. PD-0185-15
IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

---

NO. 08-12-00372-CR
IN THE
EIGHTH COURT OF APPEALS
OF TEXAS
EL PASO, TEXAS

---

ROCIO ROMERO

Appellant,

vs.

THE STATE OF TEXAS

Appellee.

---

On Appeal in Cause No. 20120D01434
In The 409TH District Court
El Paso County, Texas

The Honorable Sam Medrano, Jr., Judge Presiding

### APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS,

COMES NOW, Patrick Lara, counsel for Appellant, ROCIO ROMERO, and files this brief pursuant requesting this Honorable Court to reverse the Eighth Court of Appeals ruling in this case. Appellant complains of ONE (1) point of error in his brief and makes the following state of the facts of his case, to wit:

7

## STATEMENT OF THE CASE

Rocio Romero, appellee, was indicted for manslaughter. (CR at 3).1 Romero filed a motion to quash and exception to the substance of the indictment and a memorandum of law in support of this motion. (CR at 26-27, 102-129). The State filed a response to Romero's motion to quash. (CR at 95-98). The court heard the motion to quash on September 20, 2012. (RR at 1). The court issued an order on February 20, 2013, granting the motion to quash and prohibiting the state from introducing certain evidence. (CR at 134). The State filed timely notice of appeal from the trial court's order. (CR at 136-37). The State also filed a motion for findings of fact and conclusions of law. (CR at 146). Upon the State's motion, this Court abated the appeal and ordered the trial court to issue findings of fact and conclusions of law, which were filed on September 10, 2013. (Supp. CR at 8-9). On January 14th, 2015, the Eighth Court of Appeals reversed the Trial Court's ruling on the Motion to Quash Indictment. See

Exhibit #1.

## ISSUES PRESENTED

**POINT OF ERROR NUMBER ONE:**

Is the language in the manslaughter indictment alleging marijuana use, loading a firearm, and chambering a round essential under article 21.15 in alleging the totality of the circumstances and acts constituting recklessness or is it instead nonessential and therefore surplusage?

## POINT OF ERROR NUMBER ONE

Texas Code of Criminal Procedure article § 21.15 states:

> *Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.* TEX. CODE CRIM. PROC. art. 21.15 (emphasis added).

9

However, and additional language is considered surplusage. Surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument. Collins v. State, 500 S.W.2d 168 (Tex.Cr.App.1973). In Whetstone v. State, 786 S.W.2d 361, 364 (Tex.Cr.App.1990), the Court held:

> *The general rule is that allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as surplusage.*

For example, in Malazzo v. State, 165 Tex.Crim. 441, 308 S.W.2d 29, 31 (App.1957), the Court held:

> *Where the value of property alleged to have been stolen does not determine whether the offense is a felony or a misdemeanor, nor control the punishment applicable to the theft, the allegation as to its value is not descriptive of the offense and need not be proven.*

Therefore, the charging instrument may be altered to delete language which is not descriptive of what is legally essential to the validity of the indictment.[7] White, 890 S.W.2d at 72 (Baird, J., concurring) (citing Burrell v. State, 526 S.W.2d 799, 802

10

(Tex.Cr.App.1975)); see also, Franklin v. State, 659 S.W.2d 831, 833 (Tex.Cr.App.1983); Windham v. State, 638 S.W.2d 486, 487 (Tex.Cr.App.1982); Cohen v. State, 479 S.W.2d 950, 951 (Tex.Cr.App.1972). In these situations, the alteration is an abandonment, not an amendment.

Unnecessary words in an indictment or information may be rejected as surplusage. See Thompson v. State, 69 Tex.Cr.R. 31, 152 S.W. 893. In addition, At the outset, it will be observed that it has long been the rule in this State that, 'An indictment charging one or more defendants with the commission of an offense need not contain an allegation that they 'acted together', and such allegation, if made, not being descriptive, may be rejected as surplusage.' Branch's Ann.Penal Code, Sec. 676, p. 345; Watson v. State, 28 Tex.App. 34, 12 S.W. 404. Also, In the case of Mayo v. State, 7 Tex. Cr. App. 346, the question of what is descriptive of the offense and what may be treated as a surplus allegation is discussed at length,

11

and the rule is said to be:

> "A rule almost fundamental is that no allegation, whether it be necessary or unnecessary, or more or less particular, which is descriptive of the identity of what is legally essential to the charge in the indictment, can be rejected as surplusage. 1 Bishop's Cr. Proc. § 485; Warrington v. State, 1 Tex. App. 168. But allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded. United States v. Howard, 3 Sumn. 12 [Fed. Cas. No. 15,403]. And where an indictment contains matter unnecessary to a description of the offense, it may be rejected. State v. Coppenburg, 2 Strob. [S. C.] 273. Again, if, eliminating surplusage, an indictment so avers the constituents of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code. Coleman v. State, 2 Tex. App. 512; Burke v. State, 5 Tex. App. 74. A variance in the name in an indictment will not be fatal if the name be immaterial to constitute the offense and may be rejected as surplusage. 2 East P. C. 593; Roscoe's Cr. Ev. 82."

Every good rule is supported by a good reason and when that reason ceases to exist the Court cannot accede to the application of the rule. Where one is charged with driving while intoxicated on a named highway proof of the commission of the offense on that

named highway has been held to be necessary. Spencer v. State, 118 Tex.Cr.R. 336, 42 S.W.2d 259. Also, it was said in Kelley v. State, 138 Tex.Cr.R. 647, 137 S.W.2d 1004, that unnecessary matters alleged in the indictment not descriptive of the offense can be treated as surplusage, provided the offense is charged by the remaining portion thereof. It is difficult sometimes to determine whether or not these unnecessary allegations are descriptive of the offense or descriptive of something else.

Also, in the instant indictment, the charges allege another charge, to wit marijuana, in the factual allegations of the indictment. In *Alvarado v. State*, 840 S.W.2d 442 (Tex. Crim. App. 1992) (Burglary of habitation murder): Whether or not a notice to consolidate under Tex. Code Crim. Proc. art. 3.02(b) is filed, a defendant tried at one trial for more than one offense arising from the same criminal episode is prosecuted in a "single criminal action" for the purposes of Tex. Code Crim. Proc. art. 3.03, and

13

consecutive punishment is prohibited. Judgment reformed to delete cumulation order. *See also LaPorte v. State,* 840 S.W.2d 412 (Tex. Crim. App. 1992) (Possession of methamphetamine with intent to deliver). Both cases overrule *Caughorn v. State,* 549 S.W.2d 196 (Tex. Crim. App. 1977). Also, in *State v. McFall,* 961 S.W.2d 588 (Tex. App.-San Antonio 1997, pet. ref'd) (Fraud): The trial court properly quashed the indictments, which purported to charge the defendant with fraudulently collecting Workmans' Compensation benefits. The indictment alleged numerous acts of receipt of benefits, some of which occurred after the Penal Code statute proscribing fraudulent receipt of Workmans' Compensation benefits was repealed. Because the indictments did not charge "one offense" under Tex. Penal Code § 32.03, the indictments were invalid. In *State v. McCoy,* 64 S.W.3d 90 (Tex. App.-Austin 2001) (Manslaughter): The indictment was properly quashed because although it alleged the conduct which was reckless, it did not allege the facts and circumstances

showing that the conduct was reckless as required by Tex. Code Crim. Proc. art. 21.15. This was a substantive defect, and the trial court's ruling was affirmed. In *Ex parte Donohue*, 602 S.W.2d 265 (Tex. Crim. App. 1980) (Habeas corpus): The indictment charged that the defendant unlawfully entered a habitation with the intent to commit "deviate sexual intercourse." It failed to name the offense that the defendant intended to commit, failed to list elements of the offense, and did not allege an offense of burglary. If the named offense, "sexual abuse," had been alleged in the indictment rather than "deviate sexual intercourse," the indictment would have alleged an offense. An alternate indictment should have alleged each of the elements of sexual abuse to avoid fundamental error.

The test to determine what is or is not surplusage, and subsequently what the State must prove to convict under a particular indictment, was set out in *Cohen v. State*, 479 S.W.2d 950. The Court observed that:

15

"`When a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved and cannot be rejected as surplusage for they are thus made essential to identity.' Therefore, the allegation as to the place where the transportation occurred being necessary, the unnecessary particularity must be proved.

In *Burrell v. State*, 526 S.W.2d 799, and *Davis v. State*, 532 S.W.2d 626, this Court discussed when an allegation is surplusage and can be disregarded. Although these cases involved the amendment of the indictment before trial, the issue is the same. Here, as in *Burrell* and *Davis,* we must determine whether a specific allegation is legally essential to the indictment, descriptive of what is legally essential, or instead, surplusage. In *Burrell v. State,* supra, the Court extensively reviewed the existing authorities on surplusage and amendment of an indictment before trial. The Court concluded that, regardless of whether the allegation was legally essential to charge the offense, if the allegation was descriptive of an element legally essential to the offense, it is not surplusage. 526

S.W.2d at 803-04.

In *Davis v. State,* supra, the Court reviewed an indictment for aggravated robbery with pre-trial amendment made as follows:

"... *while in the course of committing theft of one automobile,* ~~Four Hundred Fifty Dollars ($450.00) current money of the United States of America,~~ *hereinafter called `the Property' from William T. Miller with intent to obtain and maintain control of the property, and by using and exhibiting a deadly weapon, namely a knife knowingly and intentionally threaten and place William T. Miller in fear of imminent bodily injury and death.*"

The Court held proof that either the car or the money had been taken would be sufficient to support a conviction. The Court concluded that the deletion as set out above was proper as it did not amend the substance of the indictment.

This case involves the allegation of Manslaughter under Texas Penal Code §19.04, which reads:

*Sec. 19.04. MANSLAUGHTER. (a) A person commits an offense if he recklessly causes the death of an individual.*

The Appellee is essentially asserting that the acts of marijuana use, loading a firearm, and chambering a

17

round into a firearm are necessary acts in the indictment proving recklessness. The act of smoking marijuana is an intentional act that has been added to the indictment for the mere purpose of inflaming the passions of the jury under Texas Rule of Evidence 403 and does not give any indication of how the gun was fired, how the weapon was handled, as well as having no relation to the firing of the weapon. It is a inconsequential accessory fact that is not indirectly related to the alleged reckless acts of the Appellee. Further, the loading of the firearm, as well as chambering the round is as well an inconsequential accessory fact that is assumed to have happened if the gun is to be proven to have been fired. These acts are as well intentional acts that involve intentional acts that do not attest to any reckless conduct by the Appellee. As such, the indictment is properly left with two alleged reckless acts that both satisfy the requirements of the reckless standard as well as giving the Appellee proper notice of the crime alleged. As

18

such, the Trial Court's directions must be followed and the striking of the parts of the indictment must be enforced.

In the opinion from the Eighth Court of Appeals, the analysis of the cases presented in its opinion was in error and requires reversal at this point. The sufficiency of an indictment is a question of law which we review *de novo*. *Lawrence v. State,* 240 S.W.3d 912, 915 (Tex.Crim.App.2007); *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). The indictment must be specific enough to inform the defendant of the nature of the accusations against him so that he may prepare a defense. *See Smith v. State,* 297 S.W.3d 260, 267 (Tex.Crim.App.2009), *cert. denied,* 559 U.S. 975, 130 S.Ct. 1689, 176 L.Ed.2d 186 (2010); *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). A motion to quash should be granted only when the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant notice of the acts he allegedly committed. *Miller v. State,* 333 S.W.3d 352, 356

(Tex.App.-Fort Worth 2010, pet. ref'd) (*citing DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.Crim.App.1988)). However, when alleging recklessness or criminal negligence, the State "must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence." TEX.CODE CRIM. PROC. ANN. art. 21.15 (West 2009). *State v. Rodriguez*, 339 S.W.3d 680, 682 (Tex.Crim.App.2011); *see also* TEX.CODE CRIM. PROC. ANN. art. 21.15 (West 2009).

In the indictment in Turner, the indictment dealt with the specific facts of an intoxicated manslaughter as well as the act of ingesting a controlled substance. This is a direct link to the actions taken to case of the death of an individual. However, in the case at bar, the acts are nowhere as close as the facts in this case. The State alleges that because of drug use as well as the handling of a gun, that these acts are in

20

close connection to the crime of manslaughter. Appellant would argue that these facts have no nexus to the conduct alleged in the indictment. Appellant would demonstrate that by picking up a gun, Appellant in no way was demonstrating a reckless act. In addition, there had been no evidentiary demonstration by the State of Texas there was a nexus between alleged marijuana use this defendant and the accidental death of Appellant's boyfriend. Appellant would allege that the investigation into this case was initially carried out as a criminally negligent death rather than manslaughter. As such, the trial court properly struck the surplus acts from the indictment as these acts are negligent and in no way reckless.

## PRAYER

Appellee requests that this Honorable Court uphold the Trial Court's ruling in this case be remanded and the Appellant be ordered to re-file and reform the Indictment in this case. Appellee further requests all relief that is necessary and just.

Respectfully Submitted,

_(signature)_

PATRICK A. LARA
ATTORNEY FOR APPELLANT
State Bar No. 00792639
501 North Kansas Street
Suite B-100
El Paso, Texas 79901
(915) 231-1809
FAX (915) 532-0817

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Appellant's brief was hand delivered to the Office of the District Attorney, Appeals Section, at 500 East San Antonio, Second Floor, El Paso, Texas 79901 on March 16th, 2015 via electronic filing.

_(signature)_

PATRICK A. LARA
ATTORNEY FOR APPELLANT
State Bar No. 00792639

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of T.R.A.P. 9.4 because this brief contains Two Thousand Six Hundred and Twenty Seven (2,627), excluding the parts of the brief exempted by T.R.A.P. 9.4

2. This brief complies with the typeface requirements of T.R.A.P. 9.4 and the type style requirements of T.R.A.P. 9.4 because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2008 in Courier New with a 14-point font.

Respectfully submitted,

_____
PATRICK A. LARA
ATTORNEY FOR APPELLANT
State Bar No. 00792639

# APPENDIX "A"

## INDICTMENT

**INDICTMENT**

FILE NO.: 11-033209

PID/CONTRL NO. 1462518/11-03220

**STATE OF TEXAS**

**VS.**

**ROCIO ROMERO**

OFFENSE: **MANSLAUGHTER**

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

The Grand Jurors for the County of El Paso, State of Texas, duly organized as such, at the _____JANUARY_____ Term, A.D., 2012 of the ____168TH____ Judicial District Court for said County, upon their oaths in said Court, present that on or about the 2nd day of February, 2011 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ROCIO ROMERO, hereinafter referred to as Defendant,

did then and there recklessly cause the death of an individual, namely, JOSE SALAS, by committing one or more of the following acts:

loading a firearm,

chambering a round into the firearm,

pointing a firearm in the direction of JOSE SALAS,

using marijuana,

handling a loaded firearm, pointed in the direction of JOSE SALAS, as the firearm discharged,

And thereby shooting JOSE SALAS about the body with a firearm,

And the Grand Jurors do further present that the said Defendant did use and exhibit a deadly weapon, to wit: a firearm, during the commission of and immediate flight from said felony offense,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
Grand Jury Foreperson

FILED THE ____MAR 1 4 2012____

BY _____ DEPUTY

THE STATE OF TEXAS
COUNTY OF EL PASO

I certify that the foregoing is a true and correct copy of the original indictment on file in my office. Given under my hand and seal of the court at my office in El Paso, Texas on the ____MAR 1 7 2012____.

**NORMA FAVELA, District Clerk, El Paso County, Texas**

BAIL AMOUNT: $_____     by _____ Deputy

## APPENDIX "B"

## OPINION FROM THE 8TH COURT OF APPEALS



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-13-00072-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th Judicial District Court |
| ROCIO ROMERO, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120D01434) |
| | § | |

## OPINION

The State of Texas seeks to reinstate language quashed from its manslaughter indictment against Appellee Rocio Romero, contending that allegations Romero "load[ed] a firearm," "chamber[ed] a round into the firearm," and "us[ed] marijuana" were essential acts necessary to prove the charge's recklessness element. We reverse the trial court's order in part[1] and remand.

## BACKGROUND

The State indicted Romero on one count of manslaughter stemming from the shooting death of Jose Salas. The indictment alleged as follows:

---

[1] The trial court's order granting the motion to quash also includes language prohibiting the State from introducing evidence pertaining to "loading a firearm," "chambering a round into the firearm," and "using marijuana." Although the State contended in its notice of appeal that we have interlocutory jurisdiction over these evidentiary rulings since they "suppress" evidence, the State does not challenge this aspect of the order in its brief. As such, we reverse the trial court's order only insofar as it struck language from the indictment. We do not pass on the propriety of the trial court's in limine rulings at this time as that issue has not been presented to us.

[O]n or about the 2nd day of February, 2011 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, ROCIO ROMERO . . . did then and there recklessly cause the death of an individual, namely, JOSE SALAS, by committing one or more of the following acts:

loading a firearm,

chambering a round into the firearm,

pointing a firearm in the direction of JOSE SALAS,

using marijuana,

handling a loaded firearm, pointed in the direction of JOSE SALAS, as the firearm discharged,

And thereby shooting JOSE SALAS about the body with a firearm
. . . .

Romero moved to quash the indictment on the grounds that, *inter alia*, it contained language that was both surplusage and prejudicial. The trial court granted Romero's motion to quash in part, striking references to "loading a firearm," "chambering a round into the firearm," and "using marijuana" from the indictment. The State appealed.

## DISCUSSION

We have interlocutory jurisdiction to review the trial court's order striking surplus language from the indictment. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1)(West Supp. 2014); *State v. Richardson*, 383 S.W.3d 544, 547 (Tex.Crim.App. 2012).

The trial court may strike surplus language "which is not descriptive of what is legally essential to the validity of the indictment." *Eastep v. State*, 941 S.W.2d 130, 134 (Tex.Crim.App. 1997), *overruled on other grounds by Riney v. State*, 28 S.W.3d 561 (Tex.Crim.App. 2000)(explaining surplusage in context of a prosecutorial pretrial indictment alteration); *see also Thompson v. State*, 152 S.W. 893, 894 (Tex.Crim.App. 1913)(stating that

2

"allegations which are in no manner necessary to the description of an offense[] and which are not essential to constitute the offense . . . may be entirely disregarded"). We review the sufficiency of an indictment and what constitutes surplusage *de novo*. *State v. McCoy*, 64 S.W.3d 90, 92 (Tex.App.--Austin 2001, no pet.).

Whether language is surplusage necessarily hinges on the nature of the alleged acts in relation to the charge. Here, Romero was charged with manslaughter. A person commits the offense of manslaughter if he or she "recklessly causes the death of an individual." TEX.PENAL CODE ANN. § 19.04(a)(West 2011). A person acts recklessly "with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur." TEX.PENAL CODE ANN. § 6.03(c)(West 2011). "[W]hen recklessness is an element of the offense, the charging instrument must allege the circumstances of the act which indicate that the defendant acted in a reckless manner." *State v. Rodriguez*, 339 S.W.3d 680, 683 (Tex.Crim.App. 2011)[Internal citation and emphasis omitted]; *see also* TEX.CODE CRIM.PROC.ANN. art. 21.15 (West 2009).

Here, the acts of loading a firearm, chambering a round, and using marijuana, when read conjunctively in the context of the indictment, can all be fairly said to be factors that created a substantial and unjustifiable risk of death to Jose Salas. As such, they constituted circumstances necessary to the essential proof of recklessness element. Further, there is authority supporting the State's argument that drug use may be properly alleged as an act showing recklessness in a manslaughter indictment even if the person may not have been legally intoxicated at the time of the charged conduct. *See Buie v. State*, No. 03-02-00280-CR, 2003 WL 21189757, at *2 (Tex.App.--Austin May 22, 2003, no pet.)(mem. op., not designated for publication)(marijuana

3

use related to manslaughter charge evidence of recklessness); *Rubio v. State*, 203 S.W.3d 448, 452 (Tex.App.--El Paso 2006, pet. ref'd)(driving after consuming alcohol can constitute reckless behavior in manslaughter indictment). Because the alleged acts pertained to recklessness, the omitted language was not surplusage, and the trial court erred by striking it.

Romero's argument that the trial court nevertheless retained residual authority to strike non-surplus language from the indictment on that basis that it was unfairly prejudicial is belied by authority from our sister court, which rejected a defendant's similar claim where the indictment was facially valid and returned by a legally constituted grand jury, and where the drug use constituted evidence of recklessness in a manslaughter case. *See Turner v. State*, 435 S.W.3d 280, 286-87 (Tex.App.--Waco 2014, pet. ref'd). The State's sole appellate point is meritorious.

Issue One is sustained. We reverse the trial court's order quashing the indictment language and remand for trial.

January 14, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, J., and Barajas, Senior Judge
Barajas, Senior Judge, Sitting by Assignment

(Do Not Publish)

4